IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EBONI WILLIAMS, DEBBIE SHOEMAKER, PAULA MAYS, TINA KOVELESKY, and SHADRIN HERRING, as representatives of a class of similarly situated persons, and on behalf of the A360, Inc. Profit Sharing Plan, formerly known as the A360, Inc. Employee Stock Ownership Plan,<br><br>    Plaintiffs,<br><br>v.<br><br>GERALD SHAPIRO, SCOTT BRINKLEY, ARGENT TRUST COMPANY, A360 HOLDINGS LLC, and John and Jane Does 1–10,<br><br>    Defendants. | Case No. 1:22-CV-4868 |

**DEFENDANTS' MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO VALID FORUM SELECTION CLAUSE**

Defendants jointly move to transfer this action to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a) and the valid forum selection clause set forth in the A360, Inc. Employee Stock Ownership Plan, as amended (the "Plan").[1] Plaintiffs have advised that they do not consent to the present motion.

In support of their Motion, Defendants state as follows:

**INTRODUCTION**

This case is a putative ERISA class action filed by five alleged participants in the Plan.

---

[1] Defendants are filing this motion in advance of their deadline to respond to the Complaint. The submission of this motion does not waive any defense Defendants may have to the pleading under Rule 12(b). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56–57 (2013) (motion to transfer venue based on forum selection clause is governed by 28 U.S.C. § 1404 not Fed. R. Civ. P. 12(b)(3)). Contemporaneously with this motion, Defendants are filing a motion to stay their response deadline until thirty (30) days after the Court's ruling on the present motion.

Plaintiffs' Complaint alleges violations of ERISA arising from A360, Inc.'s redemption of unallocated shares of A360, Inc. stock held by the Plan. But, Plaintiffs filed their dispute in the wrong forum. The Plan document, which governs the operation of this Plan, contains a forum selection clause that places exclusive venue in the United States District Court for the Northern District of Georgia for all claims related in any way to the Plan. This venue clause is valid and enforceable. *See In re Mathias*, 867 F.3d 727, 734 (7th Cir. 2017) (enforcing forum selection provision in ERISA plan document). And, Plaintiffs' claims clearly fall within its scope. Accordingly, the Court should transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

In their Complaint, Plaintiffs allege they are each participants in the Plan. (Compl. [ECF No. 1] at ¶¶ 26–30.) Plaintiffs contend that Defendants engaged in various breaches of their duties under ERISA in connection with Defendants' redemption of, or participation in the redemption of, the Plan's unallocated shares for purportedly less than fair market value, which allegedly caused the Plan to suffer losses. (*Id.* at ¶¶ 1, 106–143). As participants in the Plan, Plaintiffs assert their ERISA claims "on behalf of the [Plan]" and seek to remedy "Defendants' alleged unlawful conduct and obtain compensatory and equitable relief for the Plan and its participants." (*Id.* at ¶ 1.)

The Plan is governed by the Plan document. (**Ex. A**, Declaration of Scott Brinkley, at Exhibit 1 ("Plan").)[2] The Plan document, as amended,[3] requires that any claim asserting a

---

[2] In ruling on a motion to transfer venue under 28 U.S.C. § 1404, a court may consider evidence outside the complaint, including undisputed facts presented in affidavits, depositions, stipulations, or other relevant documents. *Crothall Laundry Servs., Inc. v. OSF Health Care Sys.*, No. 17-cv-8928, 2018 WL 1695364, at *4 (N.D. Ill. Apr. 6, 2018).

[3] The Plan document specifies that the A360, Inc. Board of Directors may amend the Plan at any time.

breach of ERISA that concerns the Plan should be filed in arbitration,[4] but that to the extent a participant pursues the claim in court, it: "***shall be filed exclusively in the United States District Court for the Northern District of Georgia, which is where the Plan is administered***." (Ex. A, Brinkley Decl., at Exhibit 2 ("Plan Amendment") § 19.2) (emphasis added).)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer a civil action based on *forum non conveniens* factors to any district where the case "might have been brought or to any district or division to which all parties have consented[.]" 28 U.S.C. § 1404(a). It is well established that a valid forum selection clause controls the *forum non conveniens* inquiry "[i]n all but the most unusual cases." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 57 (2013). Forum selection clauses are "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (recognizing that a venue provision creates a strong presumption favoring the venue it identifies). A party resisting enforcement of a venue provision has a "heavy burden of proof" to prevent transfer. *M/S Bremen*, 407 U.S. at 17.

A venue provision changes the Section 1404(a) analysis in three important ways. "First, the plaintiff's choice of forum merits no weight." *Atl. Marine*, 571 U.S. at 63. Second, the traditional private interest factors[5] fall away, and the court "must deem the private interest

---

(Plan, at § 13.1.)

[4] By filing this Motion, Defendants are not waiving the right they have to compel arbitration of this matter. *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) ("A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue.").

[5] Private interest factors include relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses,

3

factors to weigh entirely in favor of the preselected forum." *Id.* at 64. And, third, only public interest factors are considered. Public interest factors include administrative difficulties from court congestion, local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law. *Id.* at 62 n.6. As the Supreme Court has explained, "[b]ecause those [public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

## ARGUMENT

The Court should transfer this matter to the Northern District of Georgia because the venue clause is valid, enforceable, and consistent with ERISA, Plaintiffs' claims all fall within the scope of the venue clause, and Plaintiffs—who bear the burden of avoiding transfer—cannot establish that transferring is against the public interest.

### A. The Plan's Forum Selection Clause Is Valid, Enforceable, and Consistent with ERISA.

Forum selection clauses, like the one here, are presumptively valid. *See M/S Bremen*, 407 U.S. at 15. Courts across the country, including the Seventh Circuit Court of Appeals, have enforced ERISA plan forum selection clauses. *See e.g., In re Mathias*, 867 F.3d at 734 (enforcing forum selection provision in ERISA plan, explaining that it was consistent with ERISA's policy goals); *In re Becker*, 993 F.3d 731, 732–33 (9th Cir. 2021) (same); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931–34 (6th Cir. 2014) (enforcing ERISA plan forum selection provision finding it fell within the "large leeway" afforded employers when making plan amendments, and such clauses are presumed valid "even when [they are] not the product of

---

the possibility of viewing the premises if applicable, and other practical concerns that make trial of a case easy, expeditious, and inexpensive. *Atl. Marine*, 571 U.S. at 62 n.6.

an arms-length transaction"); *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 940–941 (S.D. Ill. 2016) (recognizing "a clear consensus [that] has emerged among the federal courts" of enforcing Plan forum selection clauses).[6]

Moreover, the venue clause here is consistent with ERISA's permissive venue provision, which provides that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found…." 29 U.S.C. § 1132(e)(2). A defendant "may be found" under ERISA's venue provision in any district where it may be subject to personal jurisdiction under the "minimum contacts" test of *International Shoe Co.* and its progeny. *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 811 (7th Cir. 2002). Defendant Argent's ESOP trustee business is located in the Northern District of Georgia, thus, it obviously has sufficient "minimum contacts" to be subject to personal jurisdiction in that District. (**Ex. B**, Declaration of David Williams ¶ 2.) Further, the Plan document expressly provides that the Plan is administered in the Northern District of Georgia.[7]

---

[6] *See also Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 858 n.3 (N.D. Cal. 2010); *Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1007 (D. Minn. 2006); *Apex Toxicology v. United Healthcare Servs.*, No. 17-61840-CIV-SMITH, 2020 U.S. Dist. LEXIS 9992, at *15 (S.D. Fla. Jan. 17, 2020); *Loeffelholz v. Ascension Health, Inc.*, 34 F. Supp. 3d 1187, 1193 (M.D. Fla. 2014); *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guar. Plan*, 2 F. Supp. 3d 928 (W.D. La. 2014); *Price v. PBG Hourly Pension Plan*, No. 12–15028, 2013 U.S. Dist. LEXIS 54436, at *2 (E.D. Mich. Apr. 15, 2013); *Marin v. Xerox Corp.*, 935 F. Supp. 2d 943, 946–47 (N.D. Cal. 2013); *Scaglione v. Pepsi–Cola Metropolitan Bottling Co. Inc.*, 884 F. Supp. 2d 642 (N.D. Ohio 2012); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1023 (C.D. Cal. 2008); *Klotz v. Xerox Corp.*, 519 F. Supp 2d 430, 435–436 (S.D.N.Y. 2007); *Rogal v. Skilstaf, Inc.*, 446 F. Supp. 2d 334, 338 (E.D. Pa. 2006).

[7] A plan is generally considered to be administered where it is managed or directed, *Sheet Metal Workers' Health & Welfare Fund of N.C. v. Stromberg Metal Works, Inc.*, No. 3:19-cv-00976, 2021 WL 780728, at *4 (M.D. Tenn. Mar. 1, 2021), and can be administered in more than one district, *id*. The Plan here grants Argent, as trustee, the exclusive authority and discretion to control and manage the assets of the Plan. (Plan, at § 12.2). One of those functions includes procuring an appraisal of company stock and determining its fair market value. (Plan, at p. 4–5). This is the linchpin in the administration of the ESOP, as all benefits are based on the value of the stock held by the ESOP. (*See, e.g.*, Plan, at 4.2, 5.2, 6.3(c), 6.4, 9.11). Indeed, the fair market value of the stock held by the ESOP is a central focus of this case. (Compl. ¶¶ 1, 41, 70, 83–85).

(Plan Amendment at § 19.2). *Cf. US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) ("The [ERISA] statutory scheme … is built around reliance on the face of written plan documents.").

The venue clause is not only consistent with ERISA but also promotes "ERISA's policy goals" of balancing "'between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans.'" *In re Mathias*, 867 F.3d at 733 (citing *Fifth Third Bancorp. v. Dudenhoeffer*, 134 S. Ct. 2459, 2470 (2014)). This is so because "forum-selection clauses promote uniformity in plan administration and reduce administrative costs…." *Id.* (citing *Smith*, 769 F.3d at 931–32). "[L]imiting claims to one federal district encourages uniformity in the decisions interpreting that plan, which furthers ERISA's goal of enabling employers to establish a uniform administrative scheme so that plans are not subject to different legal obligations in different States." *Smith*, 769 F.3d at 931–32.

Enforcing the venue clause here will achieve these policy goals because the venue clause provides a single district where claims are to be filed, should they not be filed in arbitration. Absent the venue clause and due to ERISA's expansive venue provision, suits regarding this Plan could be filed across the country. By way of example, the location of the defendants in this case span at least three different states *other than Illinois*—Defendant Shapiro in Florida, Defendant Brinkley in Texas; and Defendant Argent in Georgia (*see* Section C, *infra*)—all of which are possible venue sites. This opens the Plan up to interpretations, potentially conflicting, by different courts. To avoid this result, the Company specifically included the venue clause in the Plan document and chose the Northern District of Georgia as the sole location for the adjudication of any claims brought in court. *In re Mathias*, 867 F.3d at 733 (plan sponsors and administrators are "given significant leeway in the design of benefit plans"). Vesting one court with the venue to make these decisions makes it clear where a party must file suit and allows the

6

Plan to be consistently enforced.

### B. Plaintiffs' Claims Fall Within The Scope Of The Plan's Venue Clause.

Plaintiffs' claims unquestionably fall within the scope of the venue clause, as the claims relate to the Plan and assert breaches of ERISA. Specifically, Plaintiffs (1) allege that they are Plan participants who filed this action on behalf of the Plan; (2) seek to represent a class of participants and beneficiaries of the Plan; and (3) seek to recover for alleged breaches of ERISA by Defendants. (Compl. at ¶¶ 1, 26–30, 93–104, 106–143.)

As set forth in the Plan document, the venue clause mandates: "[i]f a Claimant wishes to pursue any Covered Claim," the Claimant "shall not file any such claim in a state or federal court," but must instead follow the Plan's Arbitration Procedure. (Plan Amendment, at § 19.2.) If the Claimant "fails or refuses to comply with the Arbitration Procedure, [or] wishes to challenge the legal enforceability of the Arbitration Procedure, [then the Plan mandates that] *such action or challenge shall be filed exclusively in the United States District Court for the Northern District of Georgia….*" (*Id.*) (emphasis added).

The Plan defines "Covered Claims" as any claim "which arises out of, relates to, or concerns this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan …. and any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty…." (Plan Amendment, at § 19.1(a).)

The claims at issue here are, by definition, "Covered Claims" that are subject to the venue clause because all six Counts asserted in the Complaint allege that the Plan incurred losses as a result of Defendants' alleged breach of ERISA provisions as fiduciaries, co-fiduciaries, and parties in interest to the Plan, and as knowing participants in an allegedly prohibited transaction

7

under ERISA. (Compl. at ¶¶ 106–143). Furthermore, in their request for relief, Plaintiffs seek, among other things, "equitable relief to the ESOP and its participants and beneficiaries," and a declaration that Defendants violated their duties under ERISA. (*Id.* at Prayer for Relief, (C)–(G), (L).)

### C. Plaintiffs Cannot Establish That Transfer Is Against the Public Interest.

The venue clause is presumptively valid and, as such, Plaintiffs have the burden of proving why the action should not be transferred to the Northern District of Georgia under Section 1404(a). *Bremen*, 407 U.S. at 17 (party opposing enforcement of venue provision bears the burden to prevent transfer). The mandatory and exclusive nature of the venue clause dictates that Plaintiffs' choice of forum carries no weight and Section 1404(a)'s private interest factors, such as ease of access to proof and availability of compulsory process (*see supra*, note 4), are deemed to "weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64. Accordingly, of the factors traditionally considered in a § 1404(a) analysis, the Court may only consider the public interest in determining whether to enforce the venue clause and transfer the case. *Id.* at 64.

Those public interest factors include: "'(1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for an earlier trial.'" *Mroch v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 14–cv–4087, 2014 WL 7005003, at *4 (N.D. Ill. Dec. 10, 2014) (citations omitted). Section 1404(a)'s public interest factors justify a refusal to enforce a forum selection clause only "under extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 571 U.S. at 63. Plaintiffs have the burden of showing that public interest factors overwhelmingly disfavor a transfer, *id.* at 67, and they simply cannot do so here.

Indeed, all of the public interest factors either favor transfer to the Northern District of Georgia or are neutral. First, the relationship of the community to the issue and desirability of resolving controversies in their locale favors transfer. The Plan—the written instrument around which ERISA's entire statutory scheme is based, *U.S. Airways, Inc.*, 569 U.S. at 10-01—specifies that it is administered in the Northern District of Georgia. (Plan Amendment, § 19.2.) The majority of the parties, both Defendants and Plaintiffs, are located in the Northern District of Georgia or closer to it than they are to the Northern District of Illinois.[8] Defendant Argent's ESOP fiduciary business is located in Atlanta, within the Northern District of Georgia (Williams Decl. ¶ 2); Defendant Brinkley resides in San Antonio, Texas, which is closer to Atlanta than Chicago (Compl. at ¶ 35); Defendant Shapiro resides in Boca Raton, Florida, which is closer to the Northern District of Georgia and within the Eleventh Circuit (Compl. at ¶ 31); and Plaintiffs, all reside in Florida, which is closer to the Northern District of Georgia and also within the Eleventh Circuit. (See Compl. at ¶¶ 26-30). Importantly, the Complaint is focused on Argent's purported undervaluation of the ESOP's unallocated shares redeemed by the Company. (Compl. at ¶ 1, 41, 70, 83-85.) Thus, the Northern District of Georgia, where Argent's ESOP trustee business is located, has a clear interest in resolving this controversy challenging the conduct of a local business.

Second, the familiarity with the law factor is neutral given that ERISA governs the action. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009).

Third, the congestion of the respective court dockets and prospect for an earlier trial weighs in favor of transfer. According to the Administrative Office of the U.S. Courts, in the twelve months preceding June 30, 2022, civil cases in the Northern District of Illinois took an

---

[8] Defendant Jamie Zelvin, a resident of this District, was voluntarily dismissed from the case on October 21, 2022. (ECF No. 13.)

average of 48.9 months to reach trial whereas civil cases in the Northern District of Georgia took an average of 39.1 months to reach trial.[9] Thus, the average time from filing to trial in a civil case in the Northern District of Georgia is nearly ten months shorter than civil cases in the Northern District of Illinois. The fact that the Northern District of Georgia has a less congested docket than the Northern District of Illinois weighs in favor of transfer.

Plaintiffs' inability to demonstrate a legal justification for the Court to decline enforcement of the Plan's mandatory venue clause dictates that this action be transferred to the Northern District of Georgia.

### D. Plaintiffs Are Responsible For Defendants' Attorneys' Fees And Costs.

The venue clause also dictates that Plaintiffs reimburse Defendants for the attorneys' fees, costs, and expenses associated with this Motion. Section 19.2 of the Plan provides:

> 19.2 <u>Restriction on Venue</u>. If a Claimant wishes to pursue any Covered Claim, that Claimant shall comply with the Arbitration Procedure, set forth in Section 19.1 of the Plan, and shall not file any such claim in a state or federal court. To the extent, however, that any Claimant fails or refuses to comply with the Arbitration Procedure, wishes to challenge the legal enforceability of the Arbitration Procedure, or to the extent the Arbitration Procedure is invalidated, such action or challenge shall be filed exclusively in the United States District Court for the Northern District of Georgia, which is where the Plan is administered. <u>In the event that a Claimant makes an unsuccessful challenge to the validity, enforceability or scope of the Arbitration Procedure in any court, the Claimant shall, to the maximum extent permitted by law, reimburse the defendants in that action for all attorneys' fees, costs, and expenses incurred by them in defending against the Claimant's unsuccessful court challenge.</u>

(Plan Amendment, at § 19.2) (emphasis added).

According to Section 19.2 of the Plan, the venue clause is only triggered if a participant fails to abide by the Arbitration Procedure set forth in the Plan. The Arbitration Procedure

---

[9] *See* U.S. District Courts, Combined Civil and Crim. Fed. Court Management Statistics, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/06/30-2 (last visited Nov. 2, 2022).

mandates the arbitration of fiduciary claims, such as these. (*See* Section B, *supra*.) Plaintiffs—who were provided copies of the Plan and were asked to consent to the present motion—are necessarily challenging the Plan's Arbitration Procedures by electing to pursue this action in court rather than proceed to arbitration, as required by the Plan. Accordingly, Defendants are entitled to an award of the attorneys' fees, costs, and expenses associated with this Motion pursuant to the Plan's provisions.[10]

## CONCLUSION

For the foregoing reasons, this action should be transferred to the United States District Court for the Northern District of Georgia, and Defendants should be awarded their attorneys' fees and costs incurred in preparing this Motion.

Respectfully submitted,

| **ARGENT TRUST COMPANY** | **GERALD SHAPIRO, SCOTT BRINKLEY, A360 HOLDINGS LLC** |
|---|---|
| By: s/ Chelsea Ashbrook McCarthy<br>Chelsea Ashbrook McCarthy<br>HOLLAND & KNIGHT LLP<br>150 N. Riverside Plaza Suite 2700<br>Chicago, Illinois 60606<br>Telephone: 312-715-5768<br>chelsea.mccarthy@hklaw.com | By: s/ Eileen Ridley<br>Eileen Ridley<br>FOLEY & LARDNER LLP<br>555 California St., 17th Floor<br>San Francisco, California 94104<br>Telephone: 415-438-6469<br>eridley@foley.com<br><br>Bryan B. House<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Ave.<br>Milwaukee, Wisconsin 53202<br>Telephone: 414-297-5554<br>bhouse@foley.com |

---

[10] The fee shifting provision in the Plan is not inconsistent with ERISA § 502(g), as nothing in ERISA prohibits a plan from providing a different basis on which to award attorneys' fees. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (under the "American Rule" "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute *or contract* provides otherwise") (emphasis added).